IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: 0:16-cv-62641

SREAM, INC., a California Corporation,

    Plaintiff,

v.

HHM ENTERPRISE PARTNERS, INC.,
a Florida Corporation

    Defendant.

_____/

## DEFENDANT'S VERIFIED MOTION TO TAX COSTS, AND INCORPORATED MEMORANDUM OF LAW

Defendant, HHM Enterprise Partners, Inc., by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 54(d)(1), Local Rule 7.3, 28 U.S.C. §1920, and this Court's Order Granting Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [D.E. 37] (the "Order"), entered on April 27, 2017 move this Court for entry of an order taxing costs against Plaintiff, Sream, Inc. ("Plaintiff"). The Court should grant the requested relief for the reasons set forth below.

### INTRODUCTION

On November 8, 2016, the Plaintiff filed a Complaint against Defendant claiming Trademark Infringement pursuant to 15 U.S.C. § 1114 (Count I), Trademark Counterfeiting pursuant to 15 U.S.C. § 1116 (Count II), False Designation of Origin/Unfair Competition pursuant to 15 U.S.C. § 1125(a) (Count III), and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") (Count IV). [D.E. 1] All the counts are based on the alleged sale of infringing and/or counterfeit RooR branded products by Defendant.

Plaintiff claimed that it had the rights to the RooR trademark by exclusive license from an entity referred to as "RooR" and that it manufactures and sells RooR products in the United States pursuant to same. *Id.* at ¶ 11. However, on March 31, 2017, Defendant filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction and Incorporated Memorandum of Law ("Motion to Dismiss") [D.E. 33], in which it argued that Plaintiff failed to state a legally protected interest in the trademarks at issue, and therefore lacked standing. Thereafter, the Court granted Defendant's Motion to Dismiss, finding that Plaintiff "failed to establish that it holds a valid exclusive license from the registered trademark owner," and thus, failed to establish that subject matter jurisdiction existed in the case. [D.E. 37, p. 5].

This Court's Order [D.E. 37] requires the conclusion that Defendant is the prevailing party in this action. A party is a "prevailing party" for purposes of an attorney's fee or cost award if the party "prevailed on any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit" *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S.D. Fla. 2007); *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 930 (7th Cir. 2000) (holding that "when a dismissal for want of jurisdiction forecloses the plaintiff's claim, the defendant is the 'prevailing party'"). Unquestionably, Defendant is the prevailing party in light of the Court's Order in its favor.

## MEMORANDUM OF LAW

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1). Congress has delineated which costs are recoverable under Rule 54(d), Fed. R. Civ. P. *See* 28 U.S.C. §1920. The Court has discretion to award those costs specifically enumerated in *See* 28 U.S.C. §1920. When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a

cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party. In this case, Defendant is the prevailing party. Consequently, Defendant is presumptively entitled to an award of costs.

### A. FEES OF THE COURT REPORTER FOR ALL OR ANY PART OF THE STENOGRAPHIC TRANSCRIPT NECESSARILY OBTAINED FOR USE IN THE CASE

Deposition costs are recoverable pursuant to costs statute 28 U.S.C. §1920(2). Typically, deposition costs are recoverable when the party who was deposed was listed on the opposing party's witness list. *W & O, Inc.*, 213 F.3d at 621. In addition, the court may tax costs for deposition where the deposition was "wholly or partially necessarily obtained for use in the case." *Id.* The deposition taken by Defendant was necessarily obtained for use in seven cases, and thus, Defendant's cost for taking the deposition are split in sevenths. The deposition costs Defendant seeks to tax are attached hereto as <u>Exhibit 1</u>, attached to the Bill of Costs and are listed as follows:

**Deponent**

| | |
|---|---|
| Plaintiff, Jarir Farraj as corporate representative of RooR – appearance, copy of transcript and delivery fee | $268.32 |
| **Total Court Reporter Fee** | **$268.32** |

Plaintiff's corporate representative, Jarir Farraj, was listed in Plaintiff's Certificate of Interested Persons. [D.E. 14] Plaintiff did not file an Initial Disclosure pursuant to Fed. R. Civ. P. 26(a)(1). Accordingly, his transcript was necessarily obtained for use in the case.

### CONCLUSION

Based on the foregoing, Defendant respectfully request that this Court tax the foregoing costs against Plaintiff for the deposition of Plaintiff's corporate representative, Jarir Farraj, for $268.32.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has conferred with Plaintiff's counsel but have been unable to resolve the issues presented in this Motion.

## VERIFICATION

I, Kenneth L. Minerley, as attorney for Defendant, having first been duly sworn in accordance with law, do hereby depose and state that I have read the foregoing Motion to Tax Costs, and that the costs sought to be taxed against the Plaintiff herein, with further supporting documentation attached hereto, are true and correct to the best of my knowledge and information, and that this Motion is well grounded in fact and justified.

_____
Kenneth L. Minerley

STATE OF FLORIDA

COUNTY OF PALM BEACH

SWORN to and SUBSCRIBED before me this 26th day of May, 2017, by Kenneth Minerley who is personally known to me.



_____
Notary Public (signature)

_____
Notary Public (printed named)

My Commission expires: 6/02/20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: s/Kenneth L. Minerley
Kenneth L. Minerley
Fla. Bar No. 521840
ken@minerleyfein.com
Stephanie Griffin
Fla. Bar No. 85019
stephanie@minerleyfein.com
Ashley Williams
Fla. Bar No. 0119632
Ashley@minerleyfein.com
**MINERLEY FEIN, P.A.**
litigation@minerleyfein.com
fileclerk@minerleyfein.com
Attorneys for Defendant
1200 N. Federal Highway, Suite 420
Boca Raton, FL 33432
Phone:  561/362-6699
Fax:    561/447-9884