UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62641-BLOOM/VALLE

SREAM, INC.,

    Plaintiff,

v.

HHM ENTERPRISE PARTNERS, INC.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO TAX COSTS AND MOTION FOR ATTORNEY'S FEES

**THIS CAUSE** is before the Court upon Defendant, HHM ENTERPRISE PARTNERS, INC.'s ("Defendant") Verified Motion to Tax Costs, ECF No. [39], Bill of Costs, ECF No. [38], and Motion for Attorney's Fees, ECF No. [43] (collectively the "Motions"). The Court has carefully reviewed the Motions, the record, all supporting filings, the exhibits attached thereto, and is otherwise fully advised in the premises. For the reasons that follow, Defendant's Motions are denied.

**I.      BACKGROUND**

Plaintiff, a designer and manufacturer of glass products including water pipes, filed a Complaint against Defendant claiming trademark infringement pursuant to 15 U.S.C. § 1114 (Count I), trademark counterfeiting pursuant to 15 U.S.C. § 1116 (Count II), false designation of origin/unfair competition pursuant to 15 U.S.C. § 1125(a) (Count III), and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"). *See* ECF No. [1]. In the Complaint, Plaintiff alleges that Sream is a California corporation conducting business in Florida as "Roor USA," and is the exclusive licensee in the United States of trademarks owned by RooR.

*Id*. at ¶¶ 6, 11-12.  According to Plaintiff, Defendant engages in the retail sale of counterfeit RooR-branded water pipes in Broward County, Florida, and on February 4, 2016, Defendant sold a water pipe with a fake RooR mark.  *Id*. at ¶¶ 7, 20; ECF No. [1-1].

Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, which this Court granted, finding that Plaintiff failed to establish it holds a valid license from the registered trademark owner.  *See* ECF Nos. [33], [37].  The Court concluded that Plaintiff lacked standing to raise the claims pled in the Complaint and it, therefore, lacked subject matter jurisdiction.  *Id*. at 5. Declining to exercise supplemental jurisdiction over the remaining FDUPTA claim, the Court dismissed the Complaint *without prejudice*. *Id*.

Defendant's Motions followed, seeking entry of an order taxing costs and awarding attorney's fees against Plaintiff.  *See* ECF Nos. [39] and [43].  Specifically, Defendant seeks to tax costs for the deposition of Plaintiff's corporate representative, Jarir Farraj, in the amount of $268.32, and seeks attorney's fees in the amount of $6,063.60.  *See* ECF No. [39] at 3, [43] at 7. Plaintiff filed responses in opposition, ECF Nos. [40] and [44], and Defendant filed a Reply to its Motion to Tax Costs.  *See* ECF No. [41].

**II.     LEGAL STANDARD**

Under the "American Rule," litigants in the United States are "ordinarily required to bear their own attorney's fees – the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Attorney's fees are generally not awarded unless there is explicit statutory authority.  *Id.* (quoting *Key Tronic Corp. v. United States,* 511 U.S. 809, 819 (1994)).  Here, Defendant seeks an award of attorney's fees pursuant to 15 U.S.C. § 1117(a), which provides that "[t]he court in

exceptional cases may award reasonable attorney fees to the *prevailing party*." 15 U.S.C. § 1117(a) (emphasis added). Similarly, courts may award costs to the prevailing party pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. To enter such an award, courts must first answer the threshold question of whether the party seeking to tax costs and attorney's fees is a "prevailing party."

A prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred. *See Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003); *Kernel Records Oy v. Mosley,* No. 09-21597-CIV, 2013 WL 3762452, *2 (S.D. Fla. July 16, 2013). The Eleventh Circuit has found a "material alteration" in: "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." *Smalbein*, 353 F.3d at 905. Thus, one can be a prevailing party, "under an enforceable judgment on the merits or under a court-ordered consent decree." *Buckhannon*, 630 U.S. at 604. Whereas, "victory on a jurisdictional point" such as where a defendant persuades the court that "the plaintiff has sued too soon or in the wrong court . . . merely prolongs litigation . . . and it remains to be seen who will prevail." *Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885, 2015 WL 11197803, at *2 (S.D. Fla. Sept. 3, 2015) (quoting *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 929 (7th Cir. 2000)) (omissions in original).

Ordinarily, a dismissal without prejudice is not a "judgment on the merits" for purposes of declaring a prevailing party because it does not alter the legal relationship of the parties, as the plaintiff may re-file the case. *See Int'l Fid. Ins. Co. v. Americaribe-Moriarity JV*, No. 15-24183-CIV, 2017 WL 668898, at *3 (S.D. Fla. Feb. 14, 2017); *see also Oscar v. Alaska Dep't of Educ.*

*& Early Dem*, 541 F.3d 978, 981 (9th Cir. 2008) (holding defendant was not a "prevailing party" based on dismissal without prejudice because the plaintiff was free to re-file the case). The Eleventh Circuit treats a dismissal for lack of standing as the functional equivalent of a dismissal for lack of subject matter jurisdiction. *See Stalley v. Orlando Regional Healthcare Sys., Inc*., 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.") (quoting *Crotwell v. Hockman–Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)).

**III.   DISCUSSION**

Here, the dispositive issue is whether the Court's dismissal of Plaintiff's Complaint for lack of standing confers prevailing-party status on Defendant. If Defendant is not deemed a prevailing party, the analysis ends there. However, if Defendant is a prevailing party, the Court must then consider whether this is an "exceptional case" for purposes of awarding attorney's fees pursuant to 15 U.S.C. § 1117(a). Plaintiff argues that Defendant is not a prevailing party because the dismissal did not address the Complaint's substantive merits; as such, Plaintiff can re-file its claims at a later date. *See* ECF No. [40] at 1. Defendant, in turn, argues that it has prevailed on the significant legal issue of Plaintiff's standing to enforce the RooR trademarks at the time suit was filed and that, if Plaintiff later obtains standing to enforce the trademarks, Plaintiff must assert entirely new claims of infringement and counterfeiting. *See* ECF No. [41] at 3. The Court concludes that Defendant is not a "prevailing party."

When a court enters a dismissal without prejudice, such a ruling "is insufficient to constitute a change in the legal relationship of the parties so as to satisfy the *Buckhannon* test because 'the plaintiff is free to refile its action.'" *Orlando Commc'ns LLC v. LG Electronics, Inc.,* No. 6:14-cv-1017-ORL-22, 2015 WL 4694066, *4 (M.D. Fla. Aug. 6, 2015) (citing *RFR*

4

*Indus. v. Century Steps, Inc.*, 477 F.3d 1348 (Fed. Cir. 2007)) (district court's express statement that the plaintiff was not barred from filing another lawsuit was effectively a dismissal without prejudice; therefore, the defendant was not a prevailing party); *see also Cadkin v. Loose*, 569 F.3d 1142, 1145 (9th Cir. 2009) ("Because the plaintiffs in this lawsuit remained free to refile their copyright claims against the defendants in federal court following their voluntary dismissal of the complaint, we hold the defendants are not prevailing parties and thus not entitled to the attorney's fees the district court awarded them."); *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 164-65 (1st Cir. 2007) (a finding that a plaintiff failed to comply with a statutory requirement implicating subject-matter jurisdiction in a copyright infringement claim does not confer prevailing-party status on the defendant).

In its Order granting Defendant's Motion to Dismiss, ECF No. [37], this Court determined that it lacked subject-matter jurisdiction over the claims asserted in the Complaint because Plaintiff did not demonstrate it had standing to raise claims of trademark infringement and violations of FDUPTA.  *See* ECF No. [37] at 5.  In reaching this conclusion, the Court dismissed Plaintiff's claims *without prejudice* for jurisdictional reasons.  *Id.*  Such a ruling does not preclude Plaintiff from re-filing suit, subject to any applicable time bars, if and when Plaintiff can establish standing.  For that reason, there has been no "material alteration" in the legal relationship between the parties.  The Court's conclusion is consistent with several orders recently entered by other courts in this district in similar cases involving Sream, which were also dismissed for lack of standing.  *See Sream v. PB Grocery, Inc., of Palm Beach*, No. 16-cv-81584 (S.D. Fla. Jun. 26, 2017) (ECF No. [28], Order Denying Defendant's Motion for Attorney's Fees); *Sream v. K and R of WPB, Inc.*, No. 17-cv-80222 (S.D. Fla. Jun. 26, 2017) (ECF No. [27], Order Denying Defendant's Motion for Attorney's Fees); *Sream v. Lamrini Food & Discount Beverage,*

*Inc.*, No. 16-cv-81656 (S.D. Fla. Jun. 26, 2017) (ECF No. [36], Order Denying Defendant's Motion for Attorney's Fees).

In support of its requests for costs and attorney's fees, Defendant relies upon several cases – none of which are analogous to this one. For example, Defendant relies upon *Haughton v. Suntrust Bank, Inc.* wherein the Eleventh Circuit affirmed an award of costs to the defendant because the district court entered "a judgment disposing of all counts in Defendant's favor." 403 F. App'x 458, 459 (11th Cir. 2010). In that decision, the district court entered summary judgment, finding the plaintiff did not have any rights under the contract at issue. *Id.* at 460. The procedural posture here does not parallel that of *Haughton* as no judgment has been entered in favor of Defendant. To the contrary, Plaintiff's claims were dismissed without prejudice, allowing Plaintiff the ability to re-file in the future. Defendant's reliance on *Smith v. Casey* is similarly misplaced as the "material alteration" test was not addressed there. *See Smith v. Casey*, No. 12-23795-CIV-UNGARO/TORRES, 2013 WL 12064518, *2 (S.D. Fla. July 26, 2013). Instead, *Smith*'s analysis focused on whether a non-moving defendant dismissed by virtue of another defendant's motion could likewise be deemed a prevailing party. *Id.* Finally, Defendant relies upon *Citizens* to argue that a dismissal for lack of jurisdiction renders the defendant a prevailing party. *Citizens*, 230 F.3d at 929. *Citizens* provides that "when a dismissal for want of jurisdiction *forecloses* the plaintiff's claim, the defendant is the 'prevailing party.'" *Id.* (emphasis added). Although Plaintiff's Complaint was dismissed for lack of jurisdiction, the dismissal was without prejudice and did not, therefore, foreclose Plaintiff's claim. That is the critical difference here.

Because no material alteration in the relationship between the parties has occurred, the Court concludes Defendant is not a prevailing party and does not satisfy the threshold

requirement for an award of attorney's fees or costs. The Court need not consider whether the "exceptional case" requirement of 15 U.S.C. § 1117(a) has been satisfied.

### IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Tax Costs, **ECF No. [39]**, Bill of Costs, **ECF No. [38]**, and Motion for Attorney's Fees, **ECF No. [43]**, are **DENIED**.

**DONE AND ORDERED** in Miami, Florida this 14th day of July, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record